# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**LAMAR BERNARD BURNO,**

    **Plaintiff,**

v.                                                                                                              **Case No: 5:25-cv-58-SPC-PRL**

**LAKE TECH INSTITUTE OF PUBLIC
SAFETY, FLORIDA ATTORNEY
GENERAL'S OFFICE,
PENNSYLVANIA ATTORNEY
GENERAL'S OFFICE, and LAKE
COUNTY SHERIFF'S OFFICE,**

    **Defendants.**

___

## ORDER

Plaintiff Lamar Bernard Burno ("Plaintiff" or "Mr. Burno"), who is proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 against Lake Tech Institute of Public Safety ("Lake Tech"), the Florida Attorney General's Office, the Pennsylvania Attorney General's Office, and the Lake County Sheriff's Office (collectively, the "Defendants"). (Doc. 1). Plaintiff seeks to proceed in forma pauperis. (Doc. 2). For the reasons explained below, Plaintiff's motion to proceed in forma pauperis is taken under advisement, and in an abundance of caution, Plaintiff will be given an opportunity to amend the complaint and amend the motion to proceed in forma pauperis.

### I.    LEGAL STANDARDS

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he is unable to pay such fees or give security therefor. *See* 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated

to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *Id*.

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990) (internal quotations omitted); *see Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating that an action is frivolous if "it lacks an arguable basis either in law or in fact"); *Jackson v. Farmers Ins. Grp./Fire Ins. Exch.*, 391 F. App'x 854, 856 (11th Cir. 2010) (per curiam) (defining a frivolous case as one containing "clearly baseless" factual allegations or one based on an "indisputably meritless" legal theory) (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam)). "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (citing *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979)).

In evaluating a complaint under § 1915, a document filed *pro se* is to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content, allowing the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *See id.* at 555-56. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and must provide "more than labels and conclusions, [or] a formulaic

recitation of the elements of a cause of action." *See id*. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

## II.   DISCUSSION

Plaintiff sues Defendants under 42 U.S.C. § 1983, alleging violations of his constitutional rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments. (Doc. 1 at p. 1). As best can be discerned from the sparse allegations in the complaint, it appears that Plaintiff is challenging alleged civil rights violations related to his arrest for uttering a forged document, seeking damages, including lost career opportunities, among other things. (*Id*. at p. 4). Plaintiff asserts that these violations include a "fabricated affidavit of probable cause," "improper involvement of the Pennsylvania Attorney General's Office," frivolous and malicious allegations, "ineffective assistance of counsel," "prosecutorial misconduct," "racial discrimination and threats by law enforcement," and "defamatory testimony." (*Id*. at pp. 2-3).

In support of these claims and in a wholly conclusory manner, Plaintiff alleges that his right to due process was violated when the "Florida Department of Law Enforcement (FDLE) initiated [his] arrest based solely on an anonymous and unverified letter, which served as the sole basis for probable cause." (*Id*. at p. 2). He alleges that the "Florida Attorney General's Office forwarded unsubstantiated allegations to Pennsylvania without proper investigation, leading to Plaintiff's wrongful prosecution." (*Id*.). He further states, "[m]alicious claims by Lamont Bershawn, driven by personal jealousy, were accepted without evidence." (*Id*.). Plaintiff claims ineffective assistance of counsel by his "trial attorney, Jaimie Washo, [who]

failed to call essential witnesses, withheld military records, and offered no opening statement." (*Id.*). He contends that there was prosecutorial misconduct, as "[t]he prosecution suppressed exculpatory evidence and allowed false testimony, violating Plaintiff's right to a fair trial." (*Id.*). He alleges that he "faced threats, intimidation, and racial discrimination from law enforcement officials, including Chris DeLibro and Rus Edwards." (*Id.*). Plaintiff claims that "Detective Broomes falsely testified about Plaintiff's military discharge, defaming his character, credibility[,] and stating after his thorough investigation, Plaintiff was discharged from the military because he was pregnant." (*Id.*).

As a result of these alleged harms, Plaintiff requests that the Court: (1) "[d]eclare that Defendants violated [his] constitutional rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments"; (2) "[o]rder the immediate dismissal of the charge of uttering a forged document"; (3) "[a]ward compensatory damages for lost career opportunities and earnings following Plaintiff's successful completion of the Florida SOCE Exam"; and (4) "[d]irect the issuance of a certified Florida law enforcement status from the FDLE and provide a certified copy of Plaintiff's SOCE Exam passing score." (*Id.* at p. 4).[1]

---

[1] With his complaint, Plaintiff included, *inter alia*, an Oath of Office dated September 12, 2000 for the Philadelphia School Police Officer; a United States Army transcript detailing military course completion and experience completed in 1992 and 2001; an individual training record from the military; a United States Army Military Police School diploma dated July 13, 2001; a certificate of an honorable discharge from the United States Army dated February 4, 2004; Equivalency of Training ("EOT") for law enforcement officers while enrolled at Lake Tech; a certificate of completion dated November 15, 2012 from Lake Tech for the Law Enforcement Officer Proficiency course; a Notification of Acceptance Equivalency-of-Training Program from Lake County Criminal Justice Selection Center dated August 3, 2012; various correspondence regarding Plaintiff's completion of training and education courses; an Order denying Mr. Burno's request to receive an official copy of the "Notes of Testimony" entered on June 29, 2016 in the Circuit Court of the Fifth Judicial Circuit, in and for Lake County, Florida; and employment verification letters and correspondence in connection with Mr. Burno's application for EOT at Lake Tech. (*Id.* at pp. 5-30).

### A. Failure to Comply with the Federal Rules of Civil Procedure

As a threshold matter, Plaintiff's complaint does not meet the pleading requirements set forth in the Federal Rules of Civil Procedure. Plaintiff's complaint does not contain a short and plain statement of the claim showing that he is entitled to relief as required by Rule 8, nor does it delineate the alleged causes of action into counts or another organized manner as required by Rule 10. For that matter, it is not clear which defendant is sued under which claims and how each defendant is legally responsible for each of the alleged wrongs. As such, Plaintiff's complaint is an impermissible shotgun pleading. *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (defining a "shotgun pleading" as a pleading that violates either Rule 8(a)(2) or Rule 10(b), or both). Indeed, the complaint fails to give Defendants adequate notice of the claims raised against them and the grounds upon which they are based. *See id*. at 1323. Although Plaintiff is proceeding *pro se*, he is "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *See Washington v. Dept. of Child. & Fams.*, 256 F. App'x 326, 327 (11th Cir. 2007).

### B. Improper Party to the Action

Next, Plaintiff's claims against the Lake County Sheriff's Office are improper because it is not a legal entity subject to suit. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (agreeing with the district court that the sheriff's department was not a legal entity and, thus not subject to suit or liability under § 1983); *Spry v. Turner*, No. 8:11-CV-531-T-33TGW, 2011 WL 940343, at *2 (M.D. Fla. Mar. 17, 2011) (finding that Polk County Sheriff's Department was not a suable entity since "no provision is made constitutionally or statutorily for a 'Sheriff's Department' as a separate legal entity, as an agency of the county, or as a corporate entity, nor is a Sheriff's Department given authority to be sued in such a name") (citations

omitted); *Williams v. Miami-Dade Police Dep't*, 297 F. App'x 941, 945 (11th Cir. 2008) (determining that "police departments are not legal entities amenable to suit" under Florida law); *Papa v. City of N. Miami Beach*, No. 06-61833-C.V., 2007 WL 9701041, at *3 (S.D. Fla. Apr. 2, 2007) (explaining that when fulfilling policing functions, police departments "do[] not have the capacity to be sued and dismissal with prejudice is the appropriate result").

    **C.**    **Eleventh Amendment Immunity**

Further, Plaintiff cannot proceed with his § 1983 claims against the Florida Attorney General's Office and the Pennsylvania Attorney General's Office because such claims are barred under the Eleventh Amendment. "The [Eleventh] Amendment not only bars suits against a state by citizens of another state, but [it] also applies equally to suits against a state initiated by that state's own citizens." *Summit v. Medical Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999). Additionally, "[t]he Eleventh Amendment prohibits federal courts from entertaining suits brought by citizens against a state, including its agencies and departments, whether the relief sought is legal or equitable." *See Higdon v. Tusan*, 746 F. App'x 805, 809-10 (11th Cir. 2018); *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429-30 (1997) (indicating that the Eleventh Amendment extends to state agencies, state officials in their official capacity, and other arms of the state, as well as other state instrumentalities); *see also Bure v. State Atty. Gen*, No. 09-23707-CIV, 2010 WL 1524376, at *3 (S.D. Fla. Mar. 26, 2010) (recognizing that the Attorney General's Office is entitled to immunity), *report and recommendation adopted sub nom*, *Bure v. Att'y Gen. of Fla.*, No. 09-23707-CIV, 2010 WL 1506268 (S.D. Fla. Apr. 14, 2010). Specifically, the Eleventh Amendment bars a § 1983 action

against a state for monetary damages unless waived by the state or Congress.[2] *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 97-103 (1984). Because the Florida Attorney General's Office and the Pennsylvania Attorney General's Office are agencies and arms of their states and consequently immune from liability, Plaintiff's § 1983 claims against them are barred under the Eleventh Amendment.[3]

**D.    Failure to State a Claim Under 42 U.S.C. § 1983**

In addition to the above pleading deficiencies, the complaint fails to contain sufficient allegations to demonstrate that Plaintiff can assert a viable claim in this action against Defendants under 42 U.S.C. § 1983. As a general matter, § 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *See Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979) (internal quotations omitted)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by

---

[2] There are "certain well-established exceptions to Eleventh Amendment Immunity," specifically, "a state may waive its Eleventh Amendment immunity" or "Congress can abrogate states' Eleventh Amendment immunity." *See In re Burke*, 146 F.3d 1313, 1317 (11th Cir. 1998). Such exceptions do not apply here, as Plaintiff does not argue, and the Court does not find, that the State of Florida or Pennsylvania have waived its immunity or that Congress abrogated the state's immunity in § 1983 cases under the Eleventh Amendment. *See Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986).

[3] Even if Plaintiff had sued specific prosecutors in their individual capacities, Plaintiff's claims would still fail because a prosecutor is entitled to absolute immunity for all actions he or she takes while performing his or her function as an advocate for the government, and the prosecutorial function includes the initiation and pursuit of a criminal prosecution. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 27-73 (1993); *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976); *see also Sussman v. Weston*, No. 2:23-CV-567-SPC-NPM, 2023 WL 6124023, at *1 (M.D. Fla. Sept. 19, 2023) (finding that "[s]uing an official in her official capacity [as an Attorney General] is a way to sue the entity the official represents . . . [and] are essentially claims against the State[,] . . . [which] are barred" under the Eleventh Amendment).

the Constitution and laws' of the United States." *See Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983).

To state a claim for relief under § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law; and (2) that such a deprivation occurred under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Arrington v. Cobb County*, 139 F.3d 865, 872 (11th Cir. 1998); *see also Carson v. Wells Fargo Bank, N.A.*, No. 8:10-CV-2362-T17-EAJ, 2011 WL 2470099, at *2 (M.D. Fla. June 20, 2011) ("[P]rivate parties are considered state actors only when they perform a public function, are coerced by the government, or are in such 'a position of interdependence with [the State] that [the State] was a joint participant in the enterprise.'") (quoting *Jackson v. Metro Edison Co.*, 419 U.S. 345, 357-58 (1974)). In addition, where a plaintiff seeks to impose liability on one who is not an active participant in the alleged constitutional deprivation, the plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *See Williams v. Bennett*, 689 F.2d 1370, 1380-81 (11th Cir. 1982).

While Plaintiff identifies specific constitutional rights allegedly infringed, the complaint lacks sufficient allegations to state a plausible claim for relief under § 1983. Plaintiff has failed to allege facts to support his contention that he was deprived of a constitutional right or that such deprivations occurred under the color of state law. In particular, with respect to defendant Lake Tech, Plaintiff fails to allege facts showing that Lake Tech would be subject to suit under § 1983, as the complaint contains no allegations of government coercion or participation in Lake Tech's conduct. Further, Plaintiff provides no factual basis that directly connects Lake Tech to this case, nor does he make a casual connection between Lake Tech and any act that deprived him of a constitutional right. Simply put, Plaintiff's lacks well-pled

factual allegations that could support a federal claim. Thus, even construing his allegations liberally, Plaintiff's complaint fails to state a claim under § 1983 upon which relief may be granted.

In an abundance of caution, the Court will provide Plaintiff with an opportunity to file an amended complaint to clarify the basis for his claims. Plaintiff must provide the Court with sufficient information and in a coherent manner so that it can perform the review required under § 1915. The amended complaint must clearly state the legal theory or theories upon which Plaintiff seeks relief and explain with factual allegations how each defendant is responsible. Plaintiff should carefully consider whether he can allege a claim in good faith because pursuing frivolous claims could lead to the imposition of sanctions.

### E. Incomplete Motion to Proceed in Forma Pauperis

Finally, the Court observes that Plaintiff's motion to proceed in forma pauperis (Doc. 2) is deficient, as he did not utilize the correct form. Plaintiff must complete the "Application to Proceed in District Court Without Prepaying Fees or Costs" from the Court's website (https://www.uscourts.gov/forms/fee-waiver-application-forms/application-proceed-district-court-without-prepaying-fees-or).

### III. CONCLUSION

Accordingly, Plaintiff's motion to proceed in forma pauperis (Doc. 2) is **TAKEN UNDER ADVISEMENT**. Plaintiff shall file an amended complaint and an amended motion to proceed in forma pauperis by **March 13, 2025**. The amended complaint must comply with all pleading requirements contained in Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure and those contained in the Local Rules of the Middle District of Florida. Failure

to comply with this Order may result in a recommendation that this action be dismissed for failure to prosecute pursuant to Local Rule 3.10.

Further, Plaintiff is cautioned that despite proceeding *pro se*, he is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's website (http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Additionally, resources and information related to proceeding in court without a lawyer, including a handbook entitled "Guide for Proceeding Without a Lawyer," can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm). Plaintiff should also consult the Middle District of Florida's Civil Discovery Handbook for a general discussion of this District's discovery practices (http://www.flmd.uscourts.gov/civil-discovery-handbook).

**DONE** and **ORDERED** in Ocala, Florida on February 13, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties