UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**LAMAR BERNARD BURNO,**

    Plaintiff,

v.                                          Case No: 5:25-cv-58-SPC-PRL

**LAKE TECH INSTITUTE OF PUBLIC
SAFETY, LAKE COUNTY SHERIFF'S
OFFICE, FL ATTY GENERAL
ASHLEY MOODY, and PA ATTY
GENERAL MICHELLE HENRY,**

    Defendants.

## REPORT AND RECOMMENDATION[1]

Plaintiff Lamar Bernard Burno ("Plaintiff"), who is proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against Lake Tech Institute of Public Safety ("Lake Tech"); the Florida Attorney General's Office; the Pennsylvania Attorney General's Office; and the Lake County Sheriff's Office. (Doc. 1). Plaintiff moved to proceed in forma pauperis. (Doc. 2). Previously, due to deficiencies noted in the original complaint and the motion to proceed in forma pauperis, the undersigned took Plaintiff's motion to proceed in forma pauperis under advisement, allowing him an opportunity to file an amended complaint and an amended motion to proceed in forma pauperis. (Doc. 4). Plaintiff has now filed an amended motion to

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(2); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

proceed in forma pauperis[2] (Doc. 6) and an amended complaint (Doc. 5) against Lake Tech; Ashley Moody, the Attorney General of the State of Florida,[3] in her individual and official capacity; Michelle Henry, the Attorney General of the State of Pennsylvania,[4] in her individual and official capacity; and the Lake County Sheriff's Office. Despite being advised of the deficiencies in the original complaint and the original motion to proceed in forma pauperis, Plaintiff's amended complaint and amended motion to proceed in forma pauperis fail to cure the deficiencies identified in the Court's previous Order (*see* Doc. 4). Accordingly, the undersigned recommends that Plaintiff's amended motion to proceed in forma pauperis be denied and this case be dismissed.

I. LEGAL STANDARDS

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he is unable to pay such fees or give security therefor. *See* 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *Id*.

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990) (internal quotations

---

[2] After filing a motion to proceed in forma pauperis (Doc. 2), Plaintiff filed an amended motion to proceed in forma pauperis (Doc. 6). The filing of Plaintiff's amended motion to proceed in forma pauperis has rendered the original motion to proceed in forma pauperis as moot.

[3] The Court notes that as of the entry date of this Order, Ashley Moody no longer serves as the Attorney General of the State of Florida.

[4] The Court notes that as of the entry date of this Order, Michelle Henry no longer serves as the Attorney General of the State of Pennsylvania.

omitted); *see Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating that an action is frivolous if "it lacks an arguable basis either in law or in fact"); *Jackson v. Farmers Ins. Grp./Fire Ins. Exch.*, 391 F. App'x 854, 856 (11th Cir. 2010) (per curiam) (defining a frivolous case as one containing "clearly baseless" factual allegations or one based on an "indisputably meritless" legal theory) (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam)). "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (citing *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979)).

In evaluating a complaint under § 1915, a document filed *pro se* is to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content, allowing the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *See id.* at 555-56. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and must provide "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *See id.* at 555 (citations omitted). While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

## II. DISCUSSION

Plaintiff's amended complaint alleges claims under 42 U.S.C. § 1983 for violations of his constitutional rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments. (Doc. 5 at p. 1). The defendants in the amended complaint include Lake Tech;[5] Ashley Moody, the Attorney General of the State of Florida, in her individual and official capacity; Michelle Henry, the Attorney General of the State of Pennsylvania, in her individual and official capacity; and the Lake County Sheriff's Office (collectively, "Defendants"). (Doc. 5 at pp. 1-2). A review of the amended complaint reveals that it still contains the fatal deficiencies observed in the original complaint.[6]

As best can be discerned from the sparse allegations in the amended complaint, it appears that Plaintiff is challenging alleged civil rights violations related to his arrest for uttering a forged document. (*See* Doc. 5 at p. 2). Plaintiff alleges that Defendants engaged in unlawful acts in his wrongful arrest, which was based on (1) a "[f]abricated [a]ffidavit of

---

[5] According to its website, "Lake Tech became a public charter school in July 2004 and is governed by its Charter Board under the sponsorship of the LCSB as authorized by Florida School Law 1002.34." *See* Lake Technical College, laketech.org/about/mission-2 (last visited April 17, 2025). Under Florida law, "the establishment of charter technical career centers can assist in promoting advances and innovations in workforce preparation and economic development[,]" and "the creation of such centers is authorized as part of the state's program of public education." *See* Fla. Stat. § 1002.34(1). Since a charter technical center like Lake Tech is a type of charter school under Florida law, Lake Tech is categorized as a public school that is part of the state's program of public education. *See* Fla. Stat. § 1002.34(3)(a) (defining a "[c]harter technical career center" as a "public school or public technical center operated under a charter granted by a district school board or Florida College System institution board of trustees or a consortium[.]").

[6] Plaintiff's original complaint and amended complaint are substantially similar. The main differences are that the amended complaint (1) includes new defendants in Ashley Moody and Michelle Henry (*see* Doc. 5 at p. 2), and omits the Florida Attorney General's Office and the Pennsylvania Attorney General's Office as defendants (*see* Doc. 1 at p. 2); (2) omits allegations regarding a "[d]efamatory [t]estimony by Detective Broomes" and "[p]ost-[t]rial [o]bstruction of [j]ustice" (*see* Doc. 1 at p. 3); and (3) requests additional injunctive relief (*see* Doc. 5 at p. 3) (requesting that the Court "[i]ssue an injunction ordering the Florida Attorney General's Office and the Pennsylvania Attorney General's Office to cease unconstitutional practices, including improper referrals and prosecutions based on unreliable or unverified allegations").

[p]robable [c]ause"; (2) "[i]mproper [i]nvolvement of [the] Pennsylvania Attorney General's Office"; (3) "[m]alicious [a]llegations by Lamont Bershawn"; (4) "[i]neffective [a]ssistance of [c]ounsel"; (5) "[p]rosecutorial [m]isconduct"; and (6) "[r]acial [d]iscrmination by [l]aw [e]nforcement." (*Id.*).

To support these claims, and in a wholly conclusory manner without providing factual allegations, Plaintiff alleges that (1) the Florida Department of Law Enforcement ("FDLE") violated his due process rights by "initiat[ing] [his] arrest based on an anonymous and unverified letter"; (2) the Florida Attorney General's Office violated his due process rights by "forward[ing] unsubstantiated allegations to Pennsylvania, leading to [his] wrongful prosecution"; (3) Lamont Bershawn made "[f]alse claims" that "were accepted without evidence"; (4) Plaintiff's attorney provided ineffective assistance of counsel by "fail[ing] to present crucial evidence"; (5) "[t]he prosecution" committed prosecutorial misconduct by "suppress[ing] exculpatory evidence and allow[ing] false testimony"; and (6) "[l]aw [e]nforcement" discriminated against him based on his race, as he "faced racial threats and intimidation." (*Id.*).

As a result of these alleged violations, Plaintiff seeks declaratory and injunctive relief, and monetary damages, including lost career opportunities. (*Id.* at pp. 1-3). He requests the following relief: (1) "[d]eclare that Defendants violated [his] constitutional rights"; (2) "[o]rder the dismissal of the charge of uttering a forged document"; (3) "[a]ward compensatory damages for [his] lost career opportunities"; (4) "[d]irect FDLE to certify [his] law enforcement status and provide his SOCE Exam results"; and (5) "[i]ssue an injunction ordering the Florida Attorney General's Office and the Pennsylvania Attorney General's

Office to cease unconstitutional practices, including improper referrals and prosecutions based on unreliable or unverified allegations." (*Id.* at pp. 2-3).

### A. Plaintiff's Amended Complaint Fails to Comply with the Federal Rules of Civil Procedure

As a threshold matter, Plaintiff's amended complaint fails to meet the pleading requirements set forth in the Federal Rules of Civil Procedure. The amended complaint does not contain a short and plain statement of the claim showing that the Plaintiff is entitled to relief as required by Rule 8, nor does it separate each cause of action or claim for relief into different counts or another organized manner as required by Rule 10. *See* Fed. R. Civ. P. 8(a)(2), 10(b). Moreover, it is not clear which defendant is sued under which claims and how each defendant is legally responsible for each of the alleged wrongs. Plaintiff fails to clearly state what claim or claims he alleges against each defendant and does not tie any specific facts to any specific defendant. As such, the amended complaint constitutes an impermissible shotgun pleading. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (defining a "shotgun pleading" as a pleading that "violate[s] either Rule 8(a)(2) or Rule 10(b), or both"); *Luft v. Citigroup Global Markets Realty Corp.*, 620 F. App'x 702, 704 (11th Cir. 2015) ("A complaint that fails to comply with Rules 8 and 10 may be classified as a shotgun pleading.") (citation and internal quotation marks omitted). Indeed, the amended complaint fails to give Defendants adequate notice of the claims raised against them and the grounds upon which they are based. *See Weiland*, 792 F.3d at 1323. Although Plaintiff is proceeding *pro se*, he is "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *See Washington v. Dept. of Child. & Fams.*, 256 F. App'x 326, 327 (11th Cir. 2007).

### B. Plaintiff Cannot Sue the Lake County Sheriff's Department Under 42 U.S.C. § 1983

Plaintiff names the Lake County Sheriff's Department as a defendant in the amended complaint. (Doc. 5 at p. 1). As the Court explained in its previous Order (*see* Doc. 4), Plaintiff's claims against the Lake County Sheriff's Office are improper because it is not a legal entity subject to suit or liability under 42 U.S.C. § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (agreeing with the district court that the sheriff's department was not a legal entity, and thus, not subject to suit or liability under § 1983); *Spry v. Turner*, No. 8:11-CV-531-T-33TGW, 2011 WL 940343, at *2 (M.D. Fla. Mar. 17, 2011) (finding that Polk County Sheriff's Department was not a suable entity since "no provision is made constitutionally or statutorily for a 'Sheriff's Department' as a separate legal entity, as an agency of the county, or as a corporate entity, nor is a Sheriff's Department given authority to be sued in such a name") (citations omitted); *Papa v. City of N. Miami Beach*, No. 06-61833-C.V., 2007 WL 9701041, at *3 (S.D. Fla. Apr. 2, 2007) (explaining that when fulfilling policing functions, police departments "do[ ] not have the capacity to be sued and dismissal with prejudice is the appropriate result"). Thus, Plaintiff cannot sue the Lake County Sheriff's Office under § 1983.

### C. Absolute Prosecutorial Immunity

Next, Plaintiff names Ashley Moody, the Attorney General of the State of Florida, in her individual and official capacity, and Michelle Henry, the Attorney General of the State of Pennsylvania, in her individual and official capacity, as defendants in the amended complaint. (Doc. 5 at p. 2). Plaintiff alleges that the Florida Attorney General's Office improperly "forwarded unsubstantiated allegations to [the] Pennsylvania [Attorney General's

Office], leading to [his] wrongful prosecution." (*Id.*). He seeks injunctive relief "ordering the Florida Attorney General's Office and the Pennsylvania Attorney General's Office to cease unconstitutional practices, including improper referrals and prosecutions based on unreliable or unverified allegations." (*Id.* at p. 3).

"The Eleventh Amendment prohibits federal courts from entertaining suits brought by citizens against a state, including its agencies and departments, whether the relief sought is legal or equitable." *See Higdon v. Tusan*, 746 F. App'x 805, 809-10 (11th Cir. 2018) (citation omitted). The Eleventh Amendment bars suits against state officials in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 169-70 (1985) (citations omitted); *see also Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429-30 (1997). "Suits against state officials in their official capacity are essentially actions against the state." *Higdon*, 746 F. App'x at 810 (citing *Kentucky*, 473 U.S. at 165-166); *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984) (stating that the Eleventh Amendment bars "a suit against state officials that is in fact a suit against a State . . . regardless of whether it seeks damages or injunctive relief") (citation omitted).[7]

Significantly, "[p]rosecutors enjoy absolute immunity from civil suit for acts within the scope of their official duties, including suits brought pursuant to 42 U.S.C. § 1983." *See Kivisto v. Soifer*, 2013 WL 5534234, at *2 (S.D. Fla. Oct. 7, 2013) (citing *Rehberg v. Paulk*, 611

---

[7] Specifically, an action against a State in federal court for damages is barred under the Eleventh Amendment unless waived by the State or Congress. *See Kentucky*, 473 U.S. at 169; *Pennhurst State Sch. & Hosp.*, 465 U.S. at 97-103; *In re Burke*, 146 F.3d 1313, 1317 (11th Cir. 1998) (stating that there are well-established exceptions to Eleventh Amendment Immunity, such as "a state may waive its Eleventh Amendment immunity" or "Congress can abrogate states' Eleventh Amendment immunity"). To the extent Plaintiff seeks monetary damages, these exceptions do not apply here, as Plaintiff does not argue, and the Court does not find, that the State of Florida or the State of Pennsylvania waived its immunity or that Congress abrogated the States' immunity in § 1983 cases under the Eleventh Amendment. *See Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986).

F.3d 828, 837-38 (11th Cir. 2010), *aff'd*, 566 U.S. 356 (2012)). Prosecutors are entitled to absolute immunity for actions taken while performing their prosecutorial duties for the State, including initiating and pursuing a criminal prosecution. *See Imbler v. Pachtman*, 424 U.S. 409, 424-25, 431 n.33 (1976) (recognizing that a prosecutor's immunity extends to actions related to the initiation of a prosecution, including "questions of whether to present a case to a grand jury, whether to file an information, [and] whether and when to prosecute"). In addition, a prosecutor is entitled to "absolute immunity from allegations stemming from the prosecutor's function as [an] advocate[,]" which "extends to a prosecutor's acts undertaken in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [their] role as an advocate for the State." *See Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (internal quotations and citations omitted).

Prosecutorial immunity, however, "does not apply when the prosecutor acts outside the ambit of activities intimately associated with the judicial process. . . . [and specifically,] when a prosecutor is not acting as an officer of the court but is instead engaged in certain investigative or administrative tasks." *See id.* at 1296 (internal quotations omitted) (citing *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009)). Such activities include "conducting investigative work before an arrest," "making statements to the press," and "providing legal advice to police regarding pre-indictment investigation techniques." *See id.* (citations omitted). "Prosecutorial immunity [also] does not apply when a prosecutor knowingly makes false statements of fact in an affidavit supporting an application for an arrest warrant." *Id.* (citing *Kalina v. Fletcher*, 522 U.S. 118, 123 (1997)).

Because Plaintiff does not allege any specific allegations against Moody or Henry in the amended complaint, it is difficult for the Court to discern precisely what unconstitutional

actions the prosecuting attorneys are alleged to have taken other than to, perhaps, initiate and pursue a criminal prosecution against Plaintiff by forwarding information, which he now alleges was "unsubstantiated." (Doc. 5 at p. 2). To the extent Plaintiff's claims against Moody and Henry extend to an event in the criminal process, such actions would fall within their roles as advocates for the State of Florida and Pennsylvania, respectively. *See, e.g.*, *Allen v. Thompson*, 815 F.2d 1433, 1434 (11th Cir. 1987) (per curiam) (finding that a prosecutor was entitled to absolute immunity for forwarding requested information to the Parole Commission). Plaintiff does not allege any facts suggesting that Moody or Henry were engaged in any investigative work before his arrest or that they knowingly made false statements of fact in the affidavit supporting an application for his arrest warrant. As such, Ashley Moody and Michelle Henry are entitled to absolute immunity, and Plaintiff's § 1983 claims against them are therefore barred.

### D. Plaintiff Fails to State a Claim Under 42 U.S.C. § 1983 Against Lake Tech Institute of Public Safety

The last remaining defendant named in the amended complaint is Lake Tech, whom Plaintiff sues under 42 U.S.C. § 1983. (Doc. 5 at p. 1). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *See Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *See Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979) (internal quotations omitted)).

To state a claim for relief under § 1983, a plaintiff must show that he was deprived of a right secured under the Constitution or federal law by a person acting under color of state law. *See Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001) (citation omitted); *West v. Atkins*, 487 U.S. 42, 48 (1988); *Arrington v. Cobb County*, 139 F.3d 865, 872 (11th Cir. 1998). A municipality is considered a "person" as provided in § 1983, *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 689-90 (1978), and charter schools are treated as municipalities, *see R.W. v. Charter Sch. USA, Inc.*, No. 18-14405-CIV, 2019 WL 13216131, at *5 (S.D. Fla. May 23, 2019) (citing *Irene B. v. Philadelphia Acad. Charter Sch.*, No. CIV.A. 02-1716, 2003 WL 24052009, at *11 (E.D. Pa. Jan. 29, 2003)). Therefore, a charter school can be held liable under § 1983 if a plaintiff identifies a "policy" or "custom" that deprived them of a constitutional right. *See R.W.*, 2019 WL 13216131, at *5 (quoting *Fernandez v. Sch. Bd. of Miami-Dade Cnty.*, 201 F. Supp. 3d 1353, 1356 (S.D. Fla. 2016)). In addition, where a plaintiff seeks to impose liability on one who is not an active participant in the alleged constitutional deprivation, the plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *See Williams v. Bennett*, 689 F.2d 1370, 1380-81 (11th Cir. 1982).

In this instance, Plaintiff does not explain how Lake Tech violated his constitutional rights, nor does he allege any kind of policy or custom used to deprive him of a constitutional right.[8] Further, Plaintiff does not provide any factual basis that directly connects Lake Tech to this case, nor does he make a causal connection between Lake Tech and any act that

---

[8] Even if Lake Tech is considered a private party, Plaintiff does not allege any facts indicating that Lake Tech is a state actor. *See Carson v. Wells Fargo Bank, N.A.*, No. 8:10-CV-2362-T17-EAJ, 2011 WL 2470099, at *2 (M.D. Fla. June 20, 2011) ("[P]rivate parties are considered state actors only when they perform a public function, are coerced by the government, or are in such 'a position of interdependence with [the State] that [the State] was a joint participant in the enterprise.'") (quoting *Jackson v. Metro Edison Co.*, 419 U.S. 345, 357-58 (1974)).

deprived him of a constitutional right. Simply put, the amended complaint fails to contain sufficient allegations to support a viable § 1983 claim against Lake Tech (or any other defendant) in this action. Thus, construing his allegations liberally, Plaintiff's amended complaint fails to state a plausible claim for relief under § 1983.

### E. Incomplete Motion to Proceed in Forma Pauperis

As a final matter, the undersigned observes that Plaintiff's amended motion to proceed in forma pauperis (Doc. 6) is deficient. Plaintiff did not use the proper form entitled "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)" on the Court's website. As a result, he failed to answer several pertinent questions provided in the form (including specific information regarding his sources of income, employment history, bank accounts, assets, expenses, and money owed) or explain why no answer could be provided. (*See* Doc. 6). Despite advising Plaintiff of this issue and allowing him an opportunity to correct the original motion to proceed in forma pauperis (*see* Doc. 4), he failed to do so properly.

### III. RECOMMENDATION

Accordingly, for the foregoing reasons, it is respectfully recommended that Plaintiff's amended motion to proceed in forma pauperis (Doc. 6) be **denied** and this case be **dismissed**.

**Recommended** in Ocala, Florida on April 17, 2025.

- 13 -

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy