UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAMAR BERNARD BURNO,

    Plaintiffs,

v.

LAKE TECH INSTITUTE OF
PUBLIC SAFETY, LAKE COUNTY
SHERIFF'S OFFICE, FLORIDA
ATTY GENERAL ASHLEY
MOODY, and PA ATTY GENERAL
MICHELLE HENRY,

    Defendants,
_____/

Case No.: 5:25-cv-58-SPC-PRL

## ORDER

Before the Court is United States Magistrate Judge Philip R. Lammens' Report and Recommendation ("R&R"). (Doc. 7). Judge Lammens recommends dismissing the Amended Complaint (Doc. 5) as frivolous under 28 U.S.C. § 1915(e)(2). Plaintiff Lamar Bernard Burno, proceeding pro se, has objected to the R&R. (Doc. 8). After a careful and independent review of the papers, record, and applicable law, the Court overrules Burno's objections, adopts the R&R, and dismisses the case.

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district judge must "make a de novo determination of those

portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. And legal conclusions are reviewed de novo even without any objection. *Cooper-Houston v. Southern Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

A district court's obligation to conduct a de novo review is activated after "a proper, specific objection" to the R&R is made. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (citing *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992)). Notably, "where a litigant fails to offer specific objections to a magistrate judge's factual findings, there is no requirement of de novo review." *Kohser v. Protective Life Corp.*, 649 F. App'x 774, 777 (11th Cir. 2016) (citing *Garvey v. Vaughn*, 993 F.2d 776, 779 & n.9 (11th Cir. 1993)). The objection, significantly, must "be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784. To qualify as specific an "objection must 'identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.'" *Kohser*, 649 F. App'x at 777 (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)).

As observed by Judge Lammens, courts must liberally construe pro se filings and hold them to less stringent standards than papers drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But courts cannot act as counsel for plaintiffs or rewrite pleadings. *United States v. Cordero*, 7

2

F.4th 1058, 1068 n.11 (11th Cir. 2021).  And pro se litigants must still comply with procedural rules applicable to ordinary civil litigation.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

The Court thoroughly reviewed Judge Lammens' R&R.  (Doc. 7).  He carefully explained that Burno's Amended Complaint failed to comply with the Federal Rules of Civil Procedure—particularly Rules 8 and 10.  Further, Judge Lammens explained that Burno cannot sue the Lake County Sheriff's Department under 42 U.S.C. § 1983 because it is not a legal entity subject to suit or liability under that statute.  He also clarified that Burno's claims against Ashley Moody, the Attorney General of the State of Florida, and Michelle Henry, the Attorney General of the State of Pennsylvania, are barred by the Eleventh Amendment.  Additionally, Judge Lammens explained that Burno failed to state a claim against Lake Tech Institute of Public Safety under § 1983 for several reasons, including that he did not explain how Lake Tech violated his constitutional rights or allege any policy or custom used to deprive him of a constitutional right.

Last, but not least, Judge Lammens observed that the amended motion to proceed in forma pauperis was deficient because Burno did not use the proper form, despite being advised of the problem and being allowed a chance to amend.  As a result, Burno did not answer several pertinent questions or explain why he could not do so.

Burno raises three objections to the R&R.  First, Burno contends that Judge Lammens failed to consider the principle that a court must liberally construe a pro se plaintiff's filings.  (Doc. 8 at 2).  Burno is wrong.  Judge Lammens stated that "[i]n evaluating a complaint under § 1915, a document filed pro se is to be liberally construed."  (Doc. 7 at 3 (citation omitted)).  His first objection is overruled.

Burno's next two objections are not specific enough to warrant de novo review.  He generally argues that he has asserted violations of his constitutional rights and states in a conclusory manner that his "allegations meet the plausibility standard[.]"  (Doc. 8 at 2).  Finally, he generally argues that denying his motion to proceed in forma pauperis restricts access to justice and unfairly prejudices an indigent litigant asserting federal rights.  (*Id.*)  But he points to no errors with Judge Lammens' factual or legal analysis and conclusions.  Regardless, the Court finds none.  Burno's second and third objections are overruled.

Burno has amended his complaint already, and yet has still failed to raise valid claims or conform to procedural rules.  (Docs. 1, 5).  The Court agrees with Judge Lammens' factual and legal analysis of these issues and his conclusion that Burno's Amended Complaint (Doc. 5) should be dismissed without leave to amend.

Accordingly, it is now:

**ORDERED:**

1. Plaintiff's Objections (Doc. 8) are **OVERRULED**.

2. United States Magistrate Judge Philip R. Lammens' Report and Recommendation (Doc. 7) is **ACCEPTED and ADOPTED** and the findings incorporated herein.

3. Plaintiff's Motion to Proceed In Forma Pauperis (Doc. 6) is **DENIED**.

4. This case is **DISMISSED with prejudice**.

5. The Clerk is **DIRECTED** to deny any pending motions as moot, terminate any deadlines, and close the case.

**DONE and ORDERED** in Fort Myers, Florida on April 30, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record