UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**LAMAR BERNARD BURNO,**

    Plaintiff,

v.                                                 Case No: 5:25-cv-58-SPC-PRL

**LAKE TECH INSTITUTE OF PUBLIC SAFETY, LAKE COUNTY SHERIFF'S OFFICE, FL ATTY GENERAL ASHLEY MOODY, and PA ATTY GENERAL MICHELLE HENRY,**

    Defendants.

## ORDER

This cause comes before the Court on a Motion for Relief Pursuant to Local Rule 1.11(e) ("Motion") filed by Plaintiff Lamar Bernard Burno ("Plaintiff"). (Doc. 11). In the Motion, Plaintiff requests that the entire case remain under seal beyond the 90 days outlined in Local Rule 1.11(e), or alternatively, that the seal continue until further motion or order of the Court on the basis that unsealing case documents may cause him harm, infringe on his privacy rights, or compromise any ongoing related matters or appeals. (*Id*. at pp. 1-2). For the reasons explained below, Plaintiff's motion is due to be denied.

On January 27, 2025, Plaintiff, who is proceeding *pro se*, initiated this action under 42 U.S.C. § 1983 by filing a complaint against Lake Tech Institute of Public Safety ("Lake Tech"), the Florida Attorney General's Office, the Pennsylvania Attorney General's Office, and the Lake County Sheriff's Office for alleged violations of his constitutional rights related to his arrest for uttering a forged document. (Doc. 1). On that same day, Plaintiff moved to proceed in forma pauperis. (Doc. 2). On February 13, 2025, the Court took Plaintiff's motion

to proceed in forma pauperis under advisement because of deficiencies noted in the complaint and the motion to proceed in forma pauperis, allowing him an opportunity to file an amended complaint and an amended motion to proceed in forma pauperis. (Doc. 4).

Plaintiff filed an amended motion to proceed in forma pauperis (Doc. 6) and an amended complaint (Doc. 5) against Lake Tech; Ashley Moody, the Attorney General of the State of Florida, in her individual and official capacity; Michelle Henry, the Attorney General of the State of Pennsylvania, in her individual and official capacity; and the Lake County Sheriff's Office, asserting substantially similar allegations as his original complaint. Because the amended motion to proceed in forma pauperis was deficient, and the amended complaint failed to raise valid claims and conform to procedural rules, the undersigned recommended in a report and recommendation that Plaintiff's amended motion to proceed in forma pauperis be denied and the case be dismissed. (Doc. 7).

On April 30, 2025, the District Judge overruled Plaintiff's objections (Doc. 8) and adopted the report and recommendation (Doc. 7), denying Plaintiff's amended motion to proceed in forma pauperis (Doc. 6) and dismissing the case with prejudice. (Doc. 9). The Court closed the case that same day. The next day, on May 1, 2025, the Court issued a Notice of Local Rule 1.11(e), stating that "unless an order states another time, a seal under Rule 1.11 expires ninety days after a case is closed and all appeals are exhausted. To prevent the content of a sealed item from appearing on the docket after the seal expires, a party or interested non-party must move for relief before the seal expires." (Doc. 10).

Plaintiff now moves pursuant to Local Rule 1.11(e), to "[e]xtend the existing seal(s) on [the] record in this case beyond the 90-day expiration period[,] or in the alternative, [m]aintain the confidentiality of the sealed materials until further motion or order of the

Court." (Doc. 11 at p. 1). Plaintiff contends that "unsealing the records [in this case] *could potentially* cause harm, infringe on privacy rights, or compromise ongoing related matters or appeals." (*Id.*) (emphasis added).

Local Rule 1.11(e) provides, in pertinent part, that "[t]o prevent the content of a sealed item from appearing on the docket after the seal expires, a party or interested non-party must move for relief before the seal expires." *See* M.D. Fla. Local Rule 1.11(e). The public has a common-law right to access judicial proceedings, including the right to inspect and copy public records and court documents. *See Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) ("[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents.") (footnotes omitted). However, "[t]he common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *See Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (describing balancing considerations) (citation and internal quotation marks omitted).

Upon review, Plaintiff fails to identify any legal basis supporting his broad, speculative request to seal the entire case beyond the 90 days outlined in Local Rule 1.11(e) and fails to show good cause. Plaintiff does not point to any specific document in this case that contains sensitive personal information about him that, if made public, would cause him harm, infringe on his privacy interests, or impair court functions. He also does not establish whether a less onerous alternative to sealing all the documents in the entire case would be available. In short, Plaintiff provides no adequate basis or support for the requested relief in the Motion.

- 4 -

Accordingly, upon due consideration, Plaintiff's Motion for Relief Pursuant to Local Rule 1.11(e) (Doc. 11) is **DENIED**.

**DONE** and **ORDERED** in Ocala, Florida on May 14, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties