UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**LAMAR BERNARD BURNO,**

    **Plaintiff,**

v.                                             Case No: 5:25-cv-58-SPC-PRL

**LAKE TECH INSTITUTE OF PUBLIC SAFETY, LAKE COUNTY SHERIFF'S OFFICE, FL ATTY GENERAL ASHLEY MOODY, and PA ATTY GENERAL MICHELLE HENRY,**

    **Defendants.**

## ORDER

This cause comes before the Court on Plaintiff's Motion for Reconsideration of Order Denying Motion for Relief Under Local Rule 1.11(e) (Doc. 15) and his declaration filed in support thereof (Doc. 16). In the motion, Plaintiff seeks reconsideration of the Court's May 14, 2025 Order (Doc. 14), in which it denied Plaintiff's Motion for Relief Pursuant to Local Rule 1.11(e) (Doc. 11), finding that he did not establish a sufficient legal basis to extend the existing seal on the case beyond 90 days and failed to show good cause. Upon consideration, Plaintiff's motion for reconsideration is due to be denied because it lacks merit.

**I. BACKGROUND**

On April 17, 2025, the undersigned issued a report and recommendation on Plaintiff's amended complaint (Doc. 5) and amended motion to proceed in forma pauperis (Doc. 6). (Doc. 7). On April 30, 2025, the District Judge adopted the report and recommendation, denied Plaintiff's amended motion to proceed in forma pauperis, and dismissed the case with prejudice. (Doc. 9). The case closed later that day. On May 1, 2025, the Court issued a Notice

of Local Rule 1.11(e), providing that "unless an order states another time, a seal under Rule 1.11 expires ninety days after a case is closed and all appeals are exhausted. To prevent the content of a sealed item from appearing on the docket after the seal expires, a party or interested nonparty must move for relief before the seal expires." (Doc. 10).

On May 12, 2025, while the case remained closed, Plaintiff filed a Motion for Relief Pursuant to Local Rule 1.11(e), seeking to "[e]xtend the existing seal(s) on [the] record in this case beyond the 90-day expiration period[,] or in the alternative, [m]aintain the confidentiality of the sealed materials until further motion or order of the Court." (Doc. 11 at p. 1). He contended that "unsealing the records [in this case] could potentially cause harm, infringe on privacy rights, or compromise ongoing related matters or appeals." (*Id*.). On May 14, 2025, the Court entered an Order denying Plaintiff's Motion for Relief Pursuant to Local Rule 1.11(e) because he did not identify an adequate legal basis supporting his broad, speculative request to seal the entire case beyond the 90 days outlined in Local Rule 1.11(e) and failed to show good cause. (*See* Doc. 14).

Plaintiff now moves for reconsideration of the Court's May 14, 2025 Order, asserting that his pleadings, along with its supporting exhibits, "contain personal communications, internal business records, and communications with law enforcement that are not central to the merits of the case, and therefore should remain protected from disclosure." (Doc. 15 at p. 2; *see* Doc. 16). He contends that if the case documents in this action were unsealed, it "could result in public harassment, reputational injury, or prejudice ongoing federal matters" since allegedly "Plaintiff is public figure involved in executive protection, federal litigation, and business ventures, and the documents sealed involve personally identifying information, false

accusations submitted by Plaintiff[']s estranged brother . . ., and other sensitive materials." (Doc. 15 at p. 1; *see* Doc. 16 at p. 1).

## II. LEGAL STANDARDS

"[R]econsideration is an extraordinary remedy, which is to be used sparingly." *Kidwell v. Charlotte Cnty. Sch. Bd.*, No. 2:07-cv-13-FTM-34SPC, 2007 WL 9718741, at *3 (M.D. Fla. Nov. 30, 2007) (citations omitted). A motion for reconsideration will only be granted upon a showing of: (1) an intervening change in law; (2) the discovery of new evidence which was not available at the time the Court rendered its decision; or (3) the need to correct clear error or manifest injustice. *See Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998); *see also United States v. Battle*, 272 F. Supp. 2d 1354, 1358 (N.D. Ga. 2003) (indicating that "[a]n error is not 'clear and obvious' if the legal issues are 'at least arguable'") (quoting *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990) (cautioning "any litigant considering bringing a motion to reconsider based upon th[e] [third] ground should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant"). Generally, to obtain reconsideration, the movant must demonstrate "why the court should reconsider its decision" and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *See Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Saint Crox Club of Naples, Inc. v. QBE Ins. Corp.*, No. 2:07-cv-00468-JLQ, 2009 WL 10670066, at *1 (M.D. Fla. June 15, 2009) (citing *Taylor Woodrow Const. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1073 (M.D. Fla. 1993)).

Furthermore, "[a] motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal quotation marks omitted); *see also Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). Indeed, a court "will not reconsider a previous ruling when the party's motion fails to raise new issues and, instead, only relitigates what has already been found lacking." *See Lamar Advert. of Mobile, Inc. v. City of Lakeland, Fla.*, 189 F.R.D. 480, 489 (M.D. Fla. 1999) (citation omitted). In essence, motions for reconsideration may not "be used 'to raise arguments, which could and should have been made earlier.'" *See Bhogaita v. Altamonte Heights Condo. Assn., Inc.*, No. 6:11-cv-1637-ORL-31, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013) (quoting *Lussier v. Dugger*, 904 F.3d 661, 667 (11th Cir. 1990)).

### III. DISCUSSION

Plaintiff's motion for reconsideration fails to demonstrate a basis for reconsideration. Rather than addressing an error of fact or law justifying reconsideration of the Court's May 14, 2025 Order, Plaintiff rehashes much of the same issues he raised in the Motion for Relief Pursuant to Local Rule 1.11(e). *See Parker v. Midland Credit Mgmt., Inc.*, 874 F. Supp. 2d 1353, 1359 (M.D. Fla. 2012) ("A motion to reconsider is not a vehicle for rehashing arguments the Court has already rejected or for attempting to refute the basis for the Court's earlier decision.") (citations omitted). Plaintiff does not identify an intervening change in controlling law, refer to the discovery or availability of new evidence, or otherwise convince the Court that there is a need to correct clear error or a manifest injustice. He maintains that the unsealing of certain documents in this case may cause him harm, infringe on his privacy interests, and prejudice ongoing litigation, but he (again) does not point to any specific

documents in the record that contain sensitive personal, financial, or confidential business information that warrant keeping such documentation sealed beyond 90 days. In sum, Plaintiff has failed to show a valid reason that the extraordinary remedy of reconsideration (which courts have used sparingly) is appropriate in this instance.

### IV. CONCLUSION

Accordingly, upon due consideration, Plaintiff's Motion for Reconsideration of Order Denying Motion for Relief Under Local Rule 1.11(e) (Doc. 15) is **DENIED**.

**DONE** and **ORDERED** in Ocala, Florida on June 9, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties